IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TYRONE WILSON,<br><br>    Defendant. | No. 15-CR-2014-CJW-MAR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

## I.  INTRODUCTION

This matter is before the Court on defendant's Amended Motion for Compassionate Release filed on November 3, 2020. (Docs. 45 & 46). On November 10, 2020, the government timely filed a response in which it agreed that defendant should be released from imprisonment under certain conditions. (Doc. 47). Defendant did not timely file a reply. For the following reasons, the Court **grants** defendant's motion.

## II.  RELEVANT BACKGROUND

On June 25, 2015, defendant pled guilty to one count of bank robbery in violation of Title 18, United States Code, Section 2113(a). (Docs. 2 & 16). On October 1, 2015, the Court sentenced defendant to 87 months' imprisonment followed by three years on supervised release. (Docs. 33 & 34). On October 9, 2020, defendant filed a pro se motion for compassionate release. (Doc. 39). After obtaining counsel, defendant filed his amended motion now before the Court. (Doc. 45). Defendant is currently incarcerated at Terre Haute USP with a projected release date of July 17, 2021.[1]

---

[1] *Find an Inmate*, BOP, https://www.bop.gov/inmateloc/.

### III. COMPASSIONATE RELEASE STANDARDS

A court's ability to modify a sentence after it has been imposed is limited. Title 18, United States Code, Section 3582(c)(1)(A) allows a court to modify a sentence through "compassionate release." A defendant may directly petition the court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The court may only reduce the defendant's sentence, however, after considering the factors set forth in Title 18, United States Code, Section 3553(a) to the extent they are applicable, and finding that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [Bureau of Prisons] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Defendants bear the burden of establishing eligibility for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The starting point in determining what constitutes "extraordinary and compelling reasons" under Section 3582(c)(1)(A)(i) is the United States Sentencing Guidelines ("USSG") section discussing compassionate release. *See* USSG §1B1.13; *see also United States v. Rivernider*, No. CR10-222, 2019 WL 3816671, at *2 (D. Conn. Aug. 14, 2019). USSG Section 1B1.13 provides extraordinary and compelling reasons exist when the defendant is (1) suffering from a terminal illness; (2) suffering from a serious physical or medical condition, a functional or cognitive impairment, or physically or mentally

2

deterioration due to aging which substantially diminishes the defendant's ability to care for themselves within the facility and from which the defendant is not expected to recover; (3) at least 65 years old, experiencing serious deterioration due to age, and has served at least 10 years or 75 percent of their sentence; (4) experiencing a change in family circumstances, namely the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse who now requires the defendant's care; (5) some other extraordinary and compelling reason as determined by the Director of the Bureau of Prisons ("BOP").

Courts are split on whether the policy statement is binding because it predates the First Step Act of 2018's changes to Section 3582(c)(1)(A). *Compare United States v. Lynn*, No. CR89-0072, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019), *with United States v. Urkevich*, No. CR03-37, 2019 WL 6037391, at *3 (D. Neb. Nov. 14, 2019). This Court has concluded that USSG Section 1B1.13, although it is a helpful guidepost, does not restrain a court's assessment of whether extraordinary and compelling reasons exist to release a defendant. *See United States v. Burnside*, No. 6:18-CR-2068-CJW-MAR, 2020 WL 3443944, at *3–4 (N.D. Iowa June 18, 2020) (compiling cases).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

Section 3582(c)(1)(A) states a court may reduce a term of imprisonment after the defendant exhausts all administrative remedies within the BOP or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" This Court has held that defendants are not required to administratively appeal a warden's denial and may fulfill the exhaustion requirement of Section 3582(c)(1)(A) by waiting 30 days from the date the warden receives their request before filing a motion in the courts. *See Burnside*, 2020 WL 3443944, at *4–7.

On August 15, 2020, defendant submitted a request for release to the warden of his facility. (Doc. 39, at 9). On October 1, 2020, the warden denied defendant's request. (Doc. 46-1). Because 30 days have elapsed since defendant submitted his request to the warden, the Court finds he has fulfilled the exhaustion requirement of Section 3582(c)(1)(A).

### B. *Extraordinary and Compelling Reason*

Defendant argues an extraordinary and compelling reason for release is present because his various health conditions put him at a high risk of severe complications and death if infected with COVID-19. (Doc. 46, at 7–11). Specifically, defendant cites his obesity, "uncontrolled type two diabetes with neurological manifestations and peripheral neuropathy, hypertension, obstructive sleep apnea . . . which requires use of a CPAP machine, and chronic kidney disease stage III." (*Id.*, at 7). Currently, Terre Haute USP has three active cases of COVID-19 among its inmate population and one among its staff.[2] Two inmates have died of COVID-19 and 94 inmates have recovered. *Id.* No staff persons have died and four have recovered. *Id.*

The presence of COVID-19 at a defendant's specific facility or within the BOP generally can constitute an extraordinary and compelling reason for compassionate release if the defendant is particularly susceptible to COVID-19 due to their age or underlying health conditions. *See Burnside*, 2020 WL 3443944, at *7 (compiling cases).[3] The Centers for Disease Control and Prevention ("CDC") recognizes that obesity, i.e. a body mass index ("BMI") in excess of 30, increases a person's risk of severe illness from

---

[2] *COVID-19*, BOP, https://www.bop.gov/coronavirus/.

[3] *See also People at Increased Risk*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html.

COVID-19.[4]  Type 2 diabetes and chronic kidney diseases of any stage are also recognized risk factors.  *Id*.  The CDC considers non-pulmonary hypertension to be a potential risk factor.  *Id*.  Although chronic lung diseases are a risk factor, the CDC does not list sleep apnea as an actual or potential risk.  *Id*.

Defendant suffers from multiple health conditions which drastically increase his risk of severe outcomes from COVID-19.  He has a BMI of 32.3, which puts him marginally within the CDC's risk category for persons with a BMI in excess of 30.  (Docs. 29, at 2; 46-2, at 149).  Defendant's medical records show his type 2 diabetes, which also increases his risk, is uncontrolled and has resulted in ocular complications and at least one diabetic ulcer on his foot.  (Docs. 46-2, at 53, 55, 66; 46-3, at 45–46, 60, 88–89).  Defendant also suffers from stage III chronic kidney disease, another recognized risk factor, caused by his diabetic nephropathy and hypertension.  (Doc. 46-2, at 110) (noting "CKD-3").  The record shows that defendant's hypertension is uncontrolled, severe, and resistant, often placing him in hypertensive crisis.  *See, e.g.*, (*Id.*, at 53, 146).  Thus, although hypertension is only a potential risk factor, defendant's hypertension is sufficiently severe such that the Court gives it significant weight in its analysis here.  *See United States v. Clutts*, No. 18-CR-70-CJW-MAR, 2020 WL 6531915, at *6 (N.D. Iowa Nov. 5, 2020).  Similarly, although sleep apnea is not a recognized risk factor, defendant's sleep apnea is noted as being obstructive and requiring the use of a CPAP machine.  (Doc. 46-2, at 53, 100, 214; 46-3, at 93).  Thus, the Court also affords this condition some weight given its relevance to defendant's respiratory health and stability.  *See Clutts*, 2020 WL 6531915, at *6.

---

[4] *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/-coronavirus/2019-ncov/need-extra-precautions-/people-with-medical-conditions.html?-CDC_AA_refVal-=https%3A%2F-%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2F-groups-at-higher-risk.html.

5

The Court finds, and the government agrees (Doc. 47, at 2), that these conditions present an extraordinary and compelling reason for release. This is true despite the relatively small amount of cases at defendant's facility given his multiple, severe vulnerabilities. The Court must now consider, given this extraordinary and compelling reason, whether release is appropriate in light of the Section 3553(a) factors.

### C. *Section 3553(a) Factors and Danger to Community*

Defendant argues the Section 3553(a) factors favor release. (Doc. 46, at 12–13). Guideline Section 1B1.13(2) provides compassionate release is appropriate only when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" Section 3582(c)(1)(A) requires a court to consider the factors set forth in Title 18, United States Code, Section 3553(a) before granting compassionate release. Section 3553(a) requires the Court to consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and provide rehabilitative opportunities and care to the defendant; (3) the kinds of sentences available; (4) the sentencing range as set by the USSG; (5) any pertinent policy by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants; and (7) the need for restitution to any victims.

The nature of defendant's offense is undoubtedly serious. Defendant robbed a bank of $900 by physically grabbing a teller and forcing her to hand over the money in her drawer. (Doc. 29, at 3). Defendant wore a hood during the robbery and changed his clothes after in an attempt to hide his identity. (*Id.*). Notably, he used the money to fuel his cocaine addiction. (*Id.*). His offense is compounded by his criminal history, which is replete with thefts, robberies, drunk driving, and drug offenses. (*Id.*, at 5–10).

Defendant's personal characteristics are mixed. He has a long history of substance abuse and a sporadic work history. (*Id.*, at 16–17, 18–19). He has long suffered, however, from various physical and mental conditions. (*Id.*, at 15–16). Defendant also had a difficult upbringing characterized by abuse and instability. (*Id.*, at 13–14).

Notably, defendant has served a substantial majority of his term of incarceration with a little less than eight months left to go. He has had only one minor disciplinary report while in prison related to cleanliness. (Doc. 46-4). While incarcerated, defendant has worked, taken a substantial number of educational courses, and completed drug treatment. (Doc. 46-5). Defendant has also proposed a stable release plan with his wife and daughter. (Doc. 46-7). Although the Court has some concern about releasing defendant to a home with a minor child, this environment does appear to provide defendant with the stability and resources necessary for his transition back into society.

On balance, the Court finds, and the government agrees (Doc. 47, at 3–4), that the Section 3553(a) factors favor release. Although defendant's offense is aggravating and his criminal history is troubling, he has served the majority of his sentence, he has shown promising rehabilitation and good behavior while incarcerated, and he has stable plans for release. Given defendant's severe health conditions discussed above, releasing him a few months early to home confinement is appropriate and will not undermine the goals of sentencing. Both parties agree that such home confinement is appropriate. (Docs. 39, at 5, 9; 47, at 4–5).

## V. CONCLUSION

For these reasons, defendant's Amended Motion for Compassionate Release (Doc. 45) is **granted**. Defendant's sentence is **reduced to time served as of December 2, 2020**. The Court **requests** that Terre Haute USP quarantine defendant upon receipt of this Order to ensure that defendant will not become infected with COVID-19 and thus transmit the virus to the general population when released.

Upon release, defendant must **report** to the United States Probation Office at this courthouse (111 Seventh Avenue SE, Cedar Rapids, Iowa 52401) within 72 hours. Defendant's conditions of supervised release are modified as agreed to by the parties. *See* (Doc. 47, at 4). Defendant's term of supervised release is extended to include a term of home confinement without location monitoring that encompasses the time he would have been in prison absent compassionate release. Thus, **defendant shall be placed on home confinement until July 17, 2021, and his original three-year term of supervised release shall commence thereafter**. Until July 17, 2021, defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the USPO. On July 17, 2021, defendant will begin serving his three-year term of supervised as previously directed.

All other conditions of defendant's Judgment shall remain the same. (Doc. 34). The Clerk of Court is **directed** to provide a copy of this Order to the USPO and Terre Haute USP.

**IT IS SO ORDERED** this 18th day of November, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa